Matter of Barnes v Rodriguez (2022 NY Slip Op 05249)

Matter of Barnes v Rodriguez

2022 NY Slip Op 05249

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

534202
[*1]In the Matter of Arrello Barnes, Appellant,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:September 2, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ.

Arrello Barnes, Syracuse, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Andrew G. Ceresia, J.), entered October 6, 2021 in Columbia County, which, in a proceeding pursuant to CPLR article 78, denied, among other things, petitioner's motions to reargue and/or renew.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules, claiming that his request to call a witness and to present certain documentary evidence was improperly denied. Following joinder of issue, Supreme Court, by decision entered April 12, 2021, dismissed the petition. Thereafter, petitioner moved to reargue and renew, as well as for a court-ordered drug test of the contraband which formed the basis of the disciplinary charges. Supreme Court, by judgment entered October 6, 2021, denied the motions. Petitioner appeals from the October 6, 2021 judgment.
Initially, we note that no appeal lies from the denial of a motion to reargue (see Williams v Annucci, 175 AD3d 1677, 1679 [3d Dept 2019]; Matter of Ballard v Yelich, 164 AD3d 1552, 1552 [3d Dept 2018]). Further, we find no basis to disturb Supreme Court's denial of that part of the motion seeking renewal as the letter from Prisoners' Legal Services submitted by petitioner "did not point to any new facts or change in the law that would require a different determination as is necessary to satisfy the standard for renewal" (Williams v Annucci, 175 AD3d at 1679 [internal quotation marks and citations omitted]; see CPLR 2221 [e] [2]). Finally, Supreme Court properly denied petitioner's request for an independent drug test as such request was outside the scope of the relief sought in the petition. Although the parties address the merits of the underlying disciplinary determination, they are not properly before this Court absent a notice of appeal from Supreme Court's judgment, entered April 12, 2021, which dismissed the petition.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.